**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6155**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD DUBLIN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Margaret B. Seymour, Senior District Judge. (1:03-cr-00834-MBS-1)

Submitted: June 8, 2021            Decided: July 16, 2021

Before MOTZ and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Richard Dublin, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Dublin appeals the district court's order denying relief on his motion filed pursuant to Section 404 of the First Step Act of 2018 ("the Act"), Pub. L. No. 115-391, 132 Stat. 5194. We vacate the district court's order and remand for reconsideration in light of *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020), and *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021).

In *Chambers*, we held that, "when imposing a new sentence" under the Act, "a court does not simply adjust the statutory minimum; it must also recalculate the [Sentencing] Guidelines range." 956 F.3d at 672 (internal quotation marks omitted). Furthermore, "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing." *Id.* at 668. We also held that "the [18 U.S.C.] § 3553(a) sentencing factors apply in the § 404(b) resentencing context," and a court "may consider post-sentencing conduct" in determining whether to exercise its discretion to reduce a sentence. *Id.* at 674. Additionally, the Act "does not constrain courts from recognizing Guidelines errors," *id.* at 668, or "preclude the court from applying intervening case law," *id.* at 672, in making its discretionary determination.

Here, the district court's sole stated reason for denying Dublin's motion was that Dublin's offense level was determined by virtue of the murder cross-reference and, thus, the Fair Sentencing Act statutory penalties had no impact on Dublin's Guidelines range. But the district court failed to acknowledge Dublin's argument that a lower statutory range now applied to his conviction. And while the district court summarily indicated that it considered the § 3553(a) factors, the court did not address Dublin's arguments that his

2

postsentencing mitigation efforts, minor disciplinary infractions, and positive letters of reference justified a sentence below life in prison.

In *Collington*, we clarified three steps a district court must take when considering a request for relief under Section 404: (1) "district courts must accurately recalculate the Guidelines sentence range," (2) "district courts must correct original Guidelines errors and apply intervening case law made retroactive to the original sentence," and (3) "the court must consider the § 3553(a) factors to determine what sentence is appropriate." 995 F.3d at 355. We further explained that "when a court exercises discretion to reduce a sentence, the imposition of the reduced sentence must be procedurally and substantively reasonable." *Id.* at 358. Thus, a district court must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id.* at 360.

Because the district court did not have the benefit of our decisions in *Chambers* and *Collington*, we vacate the district court's order and remand for reconsideration. By this disposition, we express no view on the ultimate merits of Dublin's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*